```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ALEX AMNER BORUKHOV,

                    Plaintiff,        MEMORANDUM & ORDER
                                      19-CV-3395(JS)(SIL)
         -against-

RALPH L. VARTOLO, ESQ.; FRIEDMAN
VARTOLO LLP; and WILMINGTON TRUST
NATIONAL ASSOCIATION, not in its
individual capacity, but solely as
trustee for MFRA Trust 2015-1,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Alex Amner Borukhov, pro se
                    7 Oxford Boulevard
                    Great Neck, New York 11023

For Defendants
Ralph Vartolo,      Meredith Kaplan Stoma, Esq.
Esq. and Friedman   Lewis Brisbois Bisgaard & Smith
Vartolo LLP:        The Legal Center
                    One Riverfront Plaza, Suite 800
                    Newark, New Jersey 07102

Wilmington Trust:   Scott W. Parker, Esq.
                    Parker Ibrahim & Berg LLP
                    5 Penn Plaza, Suite 2371
                    New York, New York 10001
```

SEYBERT, District Judge:

Pro se plaintiff Alex Amner Borukhov ("Plaintiff") brings this action against defendants Ralph Vartolo, Esq. and Friedman Vartolo LLP (together, the "Vartolo Defendants") and Wilmington National Trust Association, not in its individual capacity, but solely as trustee for MFRA Trust 2015-1 ("Wilmington"). (Am. Compl., D.E. 15.) Plaintiff seeks to

challenge the foreclosure of certain real property on various grounds. Before the Court are motions to dismiss the Amended Complaint in its entirety from the Vartolo Defendants (Vartolo Mot., D.E. 19; Vartolo Reply, D.E. 24) and Wilmington (Wilmington Mot., D.E. 20; Wilmington Reply, D.E. 25). Plaintiff filed one opposition to both motions. (Opp., D.E. 23.)

For the following reasons, Defendants' motions are GRANTED and all claims are DISMISSED WITH PREJUDICE.

BACKGROUND

The Court takes the following facts from the Amended Complaint and state court documents relating to the foreclosure. See Sorgente v. Wells Fargo Bank, N.A., No. 18-CV-7100, 2020 WL 2837021, at *1 (E.D.N.Y. May 28, 2020) (the Court may take judicial notice of state court documents in a pro se plaintiff's challenge to a foreclosure).

Approximately eleven years ago, on or about May 19, 2009, JPMorgan Chase Bank, National Association, as purchaser of the loans and other assets of Washington Mutual Bank, commenced a foreclosure action (the "Foreclosure Action") against Plaintiff in New York State Supreme Court, Nassau County. (Am. Compl., ECF pp. 6-7[1]; Parker Decl. Ex. 1, State Foreclosure Action Complaint, Index

---

[1] Plaintiff's Amended Complaint, approximately 68 pages, does not have continuous page numbers or paragraphs. The Court cites to the page numbers generated by CM/ECF.

No. 9787/2009 ("Foreclosure Compl."), D.E. 20-2). On or about June 1, 2007, Plaintiff executed an adjustable rate note promising to pay $991,250.00 with interest on the unpaid balance of a debt. As security for the note, Plaintiff executed a mortgage in the amount of $991,250.00, which was recorded in Nassau County on June 8, 2007. The mortgaged premises are 7 Oxford Boulevard, Great Neck, New York, 11023.[2] (Foreclosure Compl. at ¶¶ 2-4.) Plaintiff defaulted on his payments in July 2008. (Foreclosure Complaint at ¶¶ 5-6.) After motion practice,[3] and approximately six years after the filing of the Foreclosure Action, the state court issued an order (1) substituting Wilmington as the plaintiff in the Foreclosure Action and (2) granting a judgment of foreclosure and sale in favor of Wilmington and listing $1,699,443.69 as the amount owed. (Parker Decl. Ex. 7, Nov. 29, 2017 J. of Foreclosure and Sale, D.E. 20-8.) On August 19, 2019, well after the entry of the judgment of foreclosure and sale in state court (and after the June 7, 2019 filing of the initial complaint in this Court), Plaintiff filed a motion to vacate the judgment in state court. (Parker Decl. Ex. 8, Foreclosure Action Vacate Mot., D.E. 20-9.) A review of the Foreclosure Action docket indicates that the motion

---

[2] Plaintiff lists the premises subject to the state court Judgement of Foreclosure and Sale as his current address on this docket.

[3] At the time he filed an Answer, Plaintiff was represented by an attorney in the Foreclosure Action.

to vacate was denied in a short form order on October 7, 2019. (See State Ct. Docket Index No. 9787/2009.) Additionally, defendant Friedman Vartolo LLP was substituted as counsel for Wilmington in March 2019 (over one year after the entry of the judgment of foreclosure and sale). (Consent to Change Atty., D.E. 19-3.)

Although the Amended Complaint is difficult to decipher, Plaintiff brings various repetitive and conclusory claims against Defendants, sounding in:[4] (1) breach of contract (Am. Compl. at ECF p. 12); (2) scheme to defraud under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et. seq., (id. at ECF p. 13); (3) detrimental reliance (id. at ECF p. 15); (4) unlawful deception (id. at ECF p. 16); (5) criminal violations under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962 (id. at ECF p. 16); (6) wrongful foreclosure (id. at ECF p. 17); (7) slander of title (id. at ECF p. 18); (8) violations of New York's Consumer Protection Act, N.Y. GEN. BUS. LAW § 349 (id. at ECF p. 18); (9) slander of credit (id. at ECF p. 18); (10) common law infliction of intentional and negligent emotional distress (id. at ECF p. 18); (11) false reporting to a credit agency, presumably under the Fair Credit Reporting Act ("FCRA"),

---

[4] The causes of action are listed as Plaintiff states them; the Court has construed them as best possible under the applicable statutes.

4

15 U.S.C. § 1681 (id. at ECF p. 18-19); (12) lawful challenge (id. at ECF p. 19); (13) failure to establish[ ] agency (id. at ECF p. 19); (14) legal prejudice (id. at ECF p. 19); and (15) fraudulent civil action filed in state court (id. at ECF p. 20).

Plaintiff essentially alleges that "[t]he Original Promissory note that evidences the alleged debt was never provided in the foreclosure paperwork to verify a loan was made" and "[t]he wrongful foreclosure is Void, as it did not contain the legal documents to verify a loan." (Id. at ECF p. 4.)

## DISCUSSION

I. Legal Standards

"Notwithstanding the liberal pleading standard afforded pro se litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking." Done v. Wells Fargo, N.A., No. 12-CV-04296, 2013 WL 3785627, at *4 (E.D.N.Y. July 18, 2013) (citing Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000)). A case must be dismissed for lack of subject matter jurisdiction when "the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court "may consider evidence outside the pleadings." Morrison v. Nat'l Austl. Bank, Ltd., 547

F.3d 167, 170 (2d Cir. 2008), aff'd, 561 U.S. 247, 130 S. Ct. 2869, 177 L. Ed. 2d 535 (2010) (citation omitted).

## II. Subject Matter Jurisdiction

All Defendants move to dismiss the Amended Complaint for lack of subject matter jurisdiction under the Rooker-Feldman doctrine, res judicata, and collateral estoppel. (Vartolo Br., D.E. 19-18, at 7-14; Wilmington Br., D.E. 20-11, at 8-16.)

### A. Rooker-Feldman

Pursuant to the Rooker Feldman doctrine, this Court "lack[s] jurisdiction over cases that essentially amount to appeals of state court judgments." Vossbrinck v. Accredited Home Lenders, Inc., 773 F.3d 423, 426 (2d Cir. 2014). This doctrine applies where: "(1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites . . . review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced." Id. (internal quotation marks and citation omitted). When a plaintiff initiates a federal court action after the entry of a foreclosure judgment, "courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the Rooker-Feldman doctrine." Nath v. JP Morgan Chase Bank, No. 15-CV-3937, 2016 WL 5791193, at *6 (S.D.N.Y. Sept. 30, 2016) (internal citations and quotation marks omitted). "To the extent [the plaintiff] asks the

6

federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently, Rooker-Feldman bars [his] claim." Vossbrinck, 773 F.3d at 427. Accordingly, to the extent Plaintiff asks this Court to "void the foreclosure sale process that started in early 2009" and "have the alleged debt discharged" (Am. Compl. at ECF p. 20), this Court may not grant the requested relief.

However, "[i]ndependent claims are not barred by Rooker-Feldman even if they involve the identical subject matter and parties as previous state-court suits." McCann v. Rushmore Loan Mgmt. Servs., LLC, No. 15-CV-6502, 2017 WL 1048076, at *3 (E.D.N.Y. Mar. 16, 2017) (internal quotation marks and citation omitted) (emphasis supplied). Plaintiff thus correctly asserts that Rooker-Feldman does not necessarily bar his claims sounding in fraud. (Opp. at 7.) Construing the pro se pleadings liberally, Plaintiff also seeks monetary damages, and "the Rooker-Feldman doctrine does not prevent a district court from reviewing a claim for damages stemming from an allegedly fraudulent foreclosure judgment, because the district court can determine damages liability without reviewing the propriety of the state court judgment." Worthy-Pugh v. Deutsche Bank Nat'l Tr. Co., 664 F. App'x 20, 21 (2d Cir. 2016).

Plaintiff requests "compensatory and punitive damages provided for in the amount of 5.5 million dollars" and

7

"consequential damages to be fully proved at the time of trial." (Am. Compl. at ECF p. 20.) But Plaintiff does not allege how any independent fraud led to these monetary damages. His Amended Complaint generally alleges, as his answer in the Foreclosure Action (Foreclosure Answer, D.E. 19-8) and his motion to vacate in the Foreclosure Action (State Mot. to Vacate, D.E. 19-11) stated, that the lender did not have the necessary original loan, note, and mortgage documents and the judgment of foreclosure and sale is thus void. "In the context of actions relating to mortgage foreclosure, courts in this circuit have explained that allegations that a mortgage foreclosure violated a plaintiff's constitutional rights, or that a foreclosure judgment was procured by fraud, will not suffice to provide a court with jurisdiction under the Rooker-Feldman doctrine in actions where any injuries the plaintiff allegedly suffered in this case arose from the state court foreclosure judgment and to remedy those injuries, the Court would be required to review that judgment or to readjudicate aspects of the state court judgment." Sorgente, 2020 WL 2837021, at *2 (internal quotation marks and citations omitted); see also Gonzalez v. Deutsche Bank Nat'l Tr. Co., 632 F. App'x 32 (2d Cir. 2016) ("Thus, insofar as plaintiffs here (1) contend that [the lender] (a) lacked standing to pursue their home's foreclosure in state court . . . or (b) fraudulently obtained title to the home . . . or (2) seek to recover for injuries caused by the state

8

judgment, their claims are barred because the validity of the foreclosure was already fully adjudicated in the state-court proceeding."). Plaintiff's claims are barred by Rooker-Feldman.

 B. Res Judicata

  Furthermore, "[t]o the extent [P]laintiff['s] complaint can be liberally construed to allege injury stemming from the same transaction but not directly caused by the foreclosure judgment," res judicata principles preclude this Court's review. Gonazalez, 632 F. App'x at 34 (emphasis in original). "Under the doctrine of res judicata, or claim preclusion, 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action' to support or defend against the alleged cause of action." Bruno v. Deutsche Bank Nat'l Tr. Co. as Tr. for GSR Mortg. Loan Tr. 2007-AR1 Motragage Pass-Through Certificates Series 2007-AR1, No. 18-CV-7348, 2020 WL 532517, at *2 (E.D.N.Y. Feb. 3, 2020) (quoting Proctor v. LeClaire, 715 F.3d 402, 411 (2d Cir. 2013)) (applying New York law to determine whether the pro se plaintiff's claims regarding foreclosure were barred by res judicata). "In New York, res judicata bars successive litigation of all claims based upon the same transaction or series of connected transactions if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in

9

privity with a party who was." Id. (internal quotation marks and citations omitted) (noting that New York applies a "transactional" and "pragmatic" approach to res judicata).

Here, (1) the state court judgment of foreclosure and sale in the Foreclosure Action is a judgment on the merits;[5] (2) Plaintiff was a party to the Foreclosure Action; and (3) his present claims are based on the same transaction that was the subject of the Foreclosure Action. "Not only [does Plaintiff] press claims arising out of the same transaction, but [he] seek[s] to overturn the trial court's order by means of a new action rather than by an appeal. Res judicata bars both strategies." Id. at *3. In any event, Plaintiff already challenged the judgment of foreclosure and sale with two motions to vacate that were denied by the state trial court. "Because [Plaintiff] had an opportunity to raise these issues in the state foreclosure action and that case was decided on the merits, [his] substantially identical claims here are barred by res judicata." Borrani v. Nationstar

---

[5] "[A]t least two unpublished opinions from the Second Circuit have held that a judgment of foreclosure and sale in a state court action constitutes an adjudication on the merits for the purposes of claim preclusion." Harris ex relatione Harris v. BNC Mortg., Inc., No. 16-CV-2126, 2017 WL 1166357, at *4 (E.D.N.Y. Mar. 28, 2017) (collecting cases), aff'd sub nom. Harris v. BNC Mortg., Inc., 737 F. App'x 573 (2d Cir. 2018).

Mortg. LLC, No. 19-CV-2204, 2020 WL 3721480, at *2 (2d Cir. July 7, 2020).

In light of this Court's jurisdictional findings, it need not consider whether the Amended Complaint plausibly states its alleged claims under Federal Rule of Civil Procedure Rule 12(b)(6).

III. Leave to Replead

Although leave to replead should be freely granted, especially with pro se litigants, "a district court has the discretion to deny leave to amend where there is no indication from a liberal reading of the complaint that a valid claim might be stated." Perri v. Bloomberg, No. 11-CV-2646, 2012 WL 3307013, at *4 (E.D.N.Y. Aug. 13, 2012).  In response to Wilmington's letter request for a pre-motion conference for leave to file its motion to dismiss (Pre-Motion Letter, D.E. 7), which outlined the jurisdictional arguments addressed in this Memorandum and Order, Plaintiff filed the Amended Complaint.  Thus, he already had an opportunity to file an amended pleading in response to the very same arguments addressed in these motions and did not cure any of the deficiencies identified.  His already-amended claims are barred by Rooker-Feldman and res judicata.  Accordingly, the Court finds that further repleading would be futile and does not grant Plaintiff leave to replead.

11

CONCLUSION

Defendants' motions (D.E. 19 & 20) are GRANTED and all claims are DISMISSED WITH PREJUDICE.[6]  The Clerk of the Court is directed to enter judgment accordingly and mark this case CLOSED.

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and in forma pauperis status is therefore denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:    September  10 , 2020
          Central Islip, New York

---

[6] "If the Rooker-Feldman doctrine was the only basis for dismissal, [the Court] would remand the action to state court. However, because res judicata applies, [the Court] dismiss[es] the case."  Bruno, 2020 WL 532517 at *3 n.6.